KAULSKY *v.* SELBERG.

1. VENDOR AND PURCHASER—FRAUD—EVIDENCE.
    In suit to set aside a deed based on alleged fraud of grantee therein in advising plaintiffs as to the value of their equity and that their rights in the property would be . terminated within 30 days after foreclosure sale rather than .one year, proofs failed to sustain claim that sale of property to grantee was induced by reason of such representations or that relationship of parties was such as to entitle plaintiff to rely thereupon.

2. SAME—COMMISSION TO BROKER.
    Where agreement to pay commission to real estate broker was included in acceptance of defendants' offer to purchase, signed by plaintiffs, fact that defendant husband was a salesman in the employ of the broker did not afford a basis for complaint by plaintiffs who seek to set deed aside for fraud of defendants.

Appeal from Oakland; Holland (H. Russel), J. Submitted June 13, 1947. (Docket No. 72, Calendar No. 43,666.) Decided October 13, 1947.

Bill by Floyd F. Kaulsky and wife against Clarence Selberg and wife and Maurice F. Cole, Circuit Court Commissioner for Oakland County, to set aside a deed on the ground of fraud. Decree for defendants. Plaintiffs appeal. Affirmed.

*Charles A. Holman,* for plaintiffs.

*H. Eugene Field,* for defendants.

DETHMERS, J.   In September of 1943, plaintiffs purchased a home for $6,000, paid down $750 and gave a mortgage for the balance. On November 28, 1945, the property then being under foreclosure for default on the mortgage, the plaintiffs gave to the Realty Service Company, a real estate broker, the exclusive right from that date until January 1, 1946, to sell the premises for $6,000 with provision for a five per cent. sales commission to the broker. In December of 1945, the broker obtained an offer to purchase for $6,000, which was accepted by plaintiffs. Thereafter the purchasers were informed by an abstractor that there was an outstanding mechanic's lien upon the property and they thereupon withdrew from the deal.

On January 3, 1946, defendant Clarence Selberg, a salesman in the employ of the Realty Service Company, and his wife, defendant Ann Selberg, executed a written offer to purchase the premises through the Realty Service Company, broker, for $6,000, which offer was accepted in writing by the plaintiffs. On January 4, 1946, the plaintiffs executed a warranty deed conveying the premises to the Selbergs and thereafter Clarence Selberg went to the mortgagee, obtained the figures as to the amount due on the mortgage and paid the arrears and foreclosure expenses to date, thus restoring the mortgage to good standing.

On January 8, 1946, the broker prepared a closing statement, showing a balance due plaintiffs, over and above the mortgage indebtedness and after payment of a $300 commission and other expenses attendant upon the transaction, of $78.28. Plaintiffs objected to paying the commission and refused to accept the $78.28. The Selbergs brought summary proceedings for possession of the premises and defendant Maurice F. Cole, a circuit court commissioner in and for the county of Oakland, entered a judgment for restitution.

Plaintiffs filed their bill of complaint herein charging defendant Clarence Selberg with fraud and misrepresentation and alleging that prior to receiving the deed he had represented to plaintiffs that they would receive their equity out of the sale of the premises, that such equity would be sufficient for a down payment on the purchase of other property of a comparable value and, finally, that plaintiffs' right to redeem would expire 30 days after the mortgage foreclosure sale and all their rights in the property thereupon become extinguished. Plaintiffs' bill prays that the deed to the Selbergs be set aside or, in the alternative, that the Selbergs be required to pay to plaintiffs an amount representing their equity in the property and upon default therein that the judgment for restitution be vacated. From decree dismissing their bill of complaint plaintiffs appeal.

The testimony establishes that the plaintiffs listed their property for sale with the Realty Service Company for $6,000 before they ever talked with Clarence Selberg. The proofs are not persuasive that plaintiffs were induced to sell to the Selbergs at that figure because of the alleged representations by Clarence Selberg that plaintiffs' right of redemption would expire 30 days after the foreclosure

sale rather than one year thereafter. Furthermore, the relationship between the parties was not such as to entitle plaintiffs to place reliance upon the word of Clarence Selberg as to their legal rights nor such as to afford a basis for equitable relief by reason of such representations as Clarence Selberg may have made with respect thereto.

Plaintiffs offered no testimony in support of the claim made in their bill of complaint and denied in defendants' answer that Clarence Selberg assured them that they would receive a sum representing their equity in the premises sufficient to constitute a down payment on the purchase of other premises. No proofs were introduced as to the value of plaintiffs' so-called equity in the property.

Plaintiffs also complain concerning the commission charged by the Realty Service Company on the sale of premises by it to one of its own salesmen. However, plaintiffs signed an acceptance of the Selbergs' offer to purchase which provided for a five per cent. commission to the broker. They understood the agreement so provided and they do not testify that they were misled in that regard whatsoever.

Plaintiffs' statement of reasons and grounds for appeal and the statement of questions involved in plaintiffs' brief on appeal amount to little more than vague generalities, scarcely apprising the Court as to the precise nature of the error claimed. A reading of the entire record convinces us that the proofs establish no grounds for equitable relief against the defendants.

Decree affirmed, with costs to defendants.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.